# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                                         **Case No. 06-CR-140**

**WARREN STEVENSON**
    **Defendant.**

## SENTENCING MEMORANDUM

The government charged defendant Warren Stevenson with conspiring to distribute 100 grams or more of heroin, contrary to 18 U.S.C. §§ 841(a)(1), (b)(1)(B) & 846. Defendant pleaded guilty to the charge, and the probation office prepared a pre-sentence report ("PSR") in anticipation of sentencing, which set his offense level at 23 (base level 28, U.S.S.G. § 2D1.1(c)(6), minus 2 under the safety valve provision, § 2D1.1(b)(9), and minus 3 for acceptance of responsibility, § 3E1.1) and his criminal history category at I, producing an imprisonment range of 46-57 months under the advisory sentencing guidelines.

The government moved for a departure under U.S.S.G. § 5K1.1 to reward defendant for his substantial assistance in the prosecution of others, and defendant further requested a non-guideline sentence under the factors set forth in 18 U.S.C. § 3553(a). In this memorandum, I set forth the reasons for the sentence imposed.

## I. SENTENCING PROCEDURE

In imposing sentence, I follow a three-step procedure. First, I determine the advisory sentencing guideline range, resolving any factual disputes necessary to that determination. Second, I decide whether to grant any departures pursuant to the Sentencing Commission's

policy statements. Finally, I select a sentence that is sufficient but not greater than necessary given all of the factors set forth in 18 U.S.C. § 3553(a). E.g., United States v. Cull, 446 F. Supp. 2d 961, 962 (E.D. Wis. 2006).

## II. DISCUSSION

### A. Departure

Neither side disputed the guideline calculations in the PSR, but the government requested a sentence reduction under U.S.S.G. § 5K1.1 based on defendant's substantial assistance. In ruling on such a motion, I consider:

> (1) . . . the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> (3) the nature and extent of the defendant's assistance;
>
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
>
> (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a).

I give substantial weight to the government's evaluation of the extent of the defendant's assistance, U.S.S.G. § 5K1.1 cmt. n.3, but the extent of the departure is within my discretion. In attempting to quantify the departure, I typically use the method suggested by the Seventh Circuit of granting something on the order of a 2-level adjustment for each factor found to be fully present, with a lesser reduction for those factors partially present. See United States v. Washington, 293 F. Supp. 2d 930, 934 (E.D. Wis. 2003).

According to the government, prior to arresting the main players in this conspiracy,

2

agents confronted defendant at his home. He consented to a search, which turned up a small amount of heroin and paraphernalia for using heroin. Defendant made a statement, in which he confessed his involvement with Greg Jackson, a large-scale heroin dealer, and Kazeem Afolabi, Jackson's source. Defendant then agreed to cooperate and debriefed immediately. He provided useful information on Jackson, Afolabi and others involved in the conspiracy. His assistance helped the government to obtain search warrants related to Jackson and Afolabi, and a later warrant for the residence of Jeffrey Person, another participant. Defendant's information also corroborated the identification of some of the voices on a wiretap the government had previously obtained related to Jackson's dealing. Finally, the government disclosed defendant's information, un-redacted, in discovery, which it believed played in a role in obtaining pleas from others in the case. Although Jackson and Afolabi had not yet pleaded, the government believed they would likely do so. Based on this assistance, the government asked for a 30% sentence reduction.

Under the first factor, defendant's information was significant and useful in obtaining the convictions of several co-conspirators. However, because the government had additional evidence against those individuals, and thus defendant's cooperation could not be considered essential, I awarded 1 level under the first factor. Under the second factor, the government believed that defendant's information was truthful and complete, and it was relied upon in warrant applications, so I awarded 2 levels there. Under the third factor, defendant's cooperation consisted of debriefing; he did not engage in pro-active cooperation (e.g., making buys or wearing a wire) so I awarded no further reduction based on the nature and extent of the assistance. Because there was no specific evidence of danger or threats, I also awarded nothing under the fourth factor. Finally, because defendant agreed to cooperate immediately,

3

and according to the government the timeless was significant, I awarded 2 levels under the fifth factor.

Thus, with the 5 level departure, defendant's guideline range became 27-33 months.

**B.    Section 3553(a)**

In imposing the ultimate sentence, the court must consider the factors set forth in § 3553(a), which include:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the advisory guideline range;

(5)    any pertinent policy statements issued by the Sentencing Commission;

(6)    the need to avoid unwarranted sentence disparities; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence sufficient but not greater than necessary to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant.

4

### 1. Nature of Offense

Over the course of about a year, defendant assisted Jackson, a large-scale heroin dealer, driving him around and making pick-ups and deliveries. In exchange, he received heroin. He was not paid for his services in cash. The parties estimated a drug weight of 400-700 grams, which resulted in a high offense level under the guidelines, but defendant's role was, for the reasons stated, rather mitigated.

### 2. Character of Defendant

Defendant was an unusual drug offender. At age fifty-eight, he was much older than most. Further, he led a remarkably productive life prior to his arrest, serving honorably in the military from 1968-1970, then working for Chrysler for thirty years until his retirement in 2001. Defendant used drugs sporadically throughout his life, although obviously his use did not reach the point where it interfered with his ability to work. However, after his retirement, he started using heroin, which escalated to daily use of up to two grams before his arrest in this case. His involvement in the instant conspiracy plainly arose out of his own need to obtain heroin, as he did not personally profit but rather was compensated in kind. His only contact with the justice system was a 1989 disorderly conduct case for which he received a fine. Defendant had been married twice and had two adult children and nine grandchildren.

Since his arrest in this case, defendant had done quite well. He completed thirty days in-patient treatment at Genesis and continued with out-patient treatment. He did have two relapses while on pre-trial release, but that is not really unusual when someone has a strong addiction. See United States v. Maier, 975 F.2d 944, 945 (2d Cir. 1992) (stating that relapses are "the rule during recovery rather than the exception, and should not be cause for undue

5

alarm"). Defendant's counselor remained positive, and based on his comments at sentencing defendant seemed committed to remaining sober. He complied with all other conditions of pre-trial release.

### 3. Purposes of Sentencing

I saw no evidence that defendant was dangerous or a risk of recidivism if he remained sober, particularly given his lack of record and significant accomplishments. However, there was a need for some period of confinement to promote respect for the law and deter others, given the damage heroin causes to the community. Defendant obviously needed to continue his drug treatment to further his rehabilitation.

### 4. Guidelines

The guidelines called for a term of 27-33 months, after the departure. Under all of the circumstances, I found that range somewhat greater than necessary to satisfy the purposes of sentencing. First, the offense was mitigated by the fact that defendant essentially acted as Jackson's chauffeur and assistant. He did not personally profit from the offense but instead became involved to feed his own addiction. Thus, the guideline term was greater than necessary to provide just punishment given the nature of defendant's specific conduct. See 18 U.S.C. § 3553(a)(2)(A).

Second, defendant's history demonstrated that he can be a productive member of society. His employment record, working the same job for more than thirty years, was impressive, as was his honorable service in the military. So long as he remained sober, he was not a threat to the public. Defendant seemed to be making a genuine effort in that regard, and I sought to ensure that he remained clean via conditions of supervised release. See 18 U.S.C.

6

§ 3553(a)(2)(C).

Third, defendant had never been to prison, so I did not believe that a lengthy term was required to deter him from future violations of the law. Instead, a term below the guidelines was sufficient to send the message that he could not engage in this type of conduct. See 18 U.S.C. § 3553(a)(2)(B).

Under all of the circumstances, I found a sentence of 12 months and 1 day sufficient but not greater than necessary. This sentence accounted for the mitigated nature of the offense, the role of addiction in defendant's involvement, his efforts to get clean, and his solid record of work and contributions to society, while still providing for just punishment and deterrence. The sentence varied from the guidelines, but because it was supported by the specific facts of the case as they bear on the purposes of sentencing under § 3553(a)(2), it did not create unwarranted disparity. See U.S.C. § 3553(a)(6).[1]

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 12 months and 1 day, followed by five years of supervised release, with a drug aftercare and other conditions that appear in the judgment

Dated at Milwaukee, Wisconsin, this 22nd day of March, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1] This was the same term I had previously imposed on co-defendants Mark Garbo and Lee McGee. While defendant's involvement in the conspiracy was greater than Garbo and McGee's, they did not cooperate with the government to the extent that defendant did. Nor did they share the same level of accomplishment as defendant.

7